UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXANDER YAKAN,

    Plaintiff,

v.                                                CASE NO. 8:11-CV-2346-T-27EAJ

MICHAEL J. ASTRUE,
**Commissioner of Social
Security Administration,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the court is Defendant's **Motion to Dismiss Plaintiff's Complaint as Untimely, or, in the Alternative, Motion for Summary Judgment** (Dkt. 11) filed on December 22, 2012.[1]

Defendant moves this court to dismiss Plaintiff's complaint as untimely. Plaintiff failed to file a response to Defendant's motion to dismiss within the time provided by the Local Rules. On January 18, 2012, the court deferred ruling on the motion and directed Plaintiff to file a response (Dkt. 12). Although the court granted Plaintiff an additional opportunity to respond to Defendant's motion, no response was filed to that court order. Accordingly, the motion is deemed unopposed. See Local Rule 3.01(b), M.D. Fla. For the reasons stated below, the undersigned recommends that the motion be granted.

## Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., a court must

---

[1] The motion has been referred to the undersigned for a Report and Recommendation (Dkt. 11). See U.S.C. § 636(b); Local Rules 6.01(b) and (c), M.D. Fla.

accept the allegations in the complaint as true and construe them in a light most favorable to the plaintiff. Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999) (citation omitted). To survive a motion to dismiss a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Dismissal of a complaint is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

## Analysis

This is an action for judicial review of the Commissioner of Social Security's final decision regarding Plaintiff's request for disability benefits. Defendant argues that Plaintiff failed to initiate the action within the time period allowed under 42 U.S.C. § 405(g).

A suit seeking review of a final decision of the Commissioner of Social Security must be filed "within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner . . . may allow." 42 U.S.C. § 405(g). A plaintiff has sixty days from receipt of the notice to file a complaint, and receipt is presumed to be "5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). In the Eleventh Circuit, "the sixty-day statutory limit expressed in 42 U.S.C.A. § 405(g) indicates that a Social Security claimant should not rely upon the possibility of an administrative extension of time, but rather must file suit timely to insure judicial review." Stone v. Heckler, 778 F.2d 645, 648 (11th Cir. 1985).

The filing period prescribed by § 405(g) is subject to equitable tolling in "extraordinary circumstances." Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007). A plaintiff must justify

equitable tolling by showing that circumstances such as fraud, misinformation, or deliberate concealment prevented the timely filing of a complaint. Id. at 1355.

On March 26, 2010, an Administrative Law Judge ("ALJ") denied Plaintiff's claim for Disability Insurance Benefits and Supplemental Security Income (Dkt. 11 Ex. 1 at 18). On August 3, 2011, the Appeals Council issued a notice denying review of the ALJ's decision (Id. at 23). The notice was mailed on August 9, 2011 (Id. at 3). The notice informed Plaintiff that he had "60 days to file a civil action (ask for court review)" (Id. at 24).

Plaintiff made no reasonable showing, in his complaint or otherwise, that he did not receive the notice within five days of August 9, 2011. Thus, the deadline for him to file a complaint was sixty-five days later, i.e., October 13, 2011. On October 17, 2011, Plaintiff filed the instant suit. There is no question that the sixty-five-day filing period had elapsed by that time.

Although the filing period is subject to equitable tolling, Plaintiff has not shown that extraordinary circumstances prevented him from timely filing his § 405(g) case. Plaintiff not only failed to respond to the motion to dismiss, but also failed to respond to the court order directing him to file a response. These circumstances are sufficient to warrant dismissal of Plaintiff's case.

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Defendant's Motion to Dismiss Plaintiff's Complaint as Untimely, or, in the Alternative, Motion for Summary Judgment (Dkt. 26) be **GRANTED**.

**Date: February 8, 2012**

ELIZABETH A JENKINS
United States Magistrate Judge

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. 636(b)(1).

Copies to:
District Judge
Counsel of Record