UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXANDER YAKAN,

          **Plaintiff,**

v.                                            Case No. 8:11-cv-2346-T-27EAJ

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation submitted by Magistrate Judge Elizabeth A. Jenkins (Dkt. 13) recommending that the Commissioner's Motion to Dismiss Plaintiff's Complaint as Untimely, or, in the Alternative, Motion for Summary Judgment (Dkt. 11) be granted. While Plaintiff failed to file a timely response to the Commissioner's Motion to Dismiss,[1] Plaintiff has filed Objections to the Report and Recommendation (Dkt. 14).

The District Court may "accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate" judge. 28 U.S.C. § 636(b)(1)(C). This Court, having reviewed the Magistrate Judge's Report and Recommendation, independently examined the file, and being otherwise fully advised, is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

While Plaintiff for the first time in his objections to the Report and Recommendation raises issues relating to the actual date that Plaintiff received notice of the Appeals Council action denying his request for a review of the Administrative Law Judge's decision (and/or the date of that notice),

---

[1] The Magistrate Judge initially deferred ruling on the Motion to Dismiss and directed Plaintiff to file a response. *See* Dkt. 12. Despite being offered an additional opportunity to respond the motion, Plaintiff again failed to file a response. Therefore, the Motion to Dismiss was deemed unopposed. *See* Local Rule 3.01(b).

Plaintiff offers only unverified argument and unauthenticated documentation to support his contention. Plaintiff's cursory objections to the Report and Recommendation fail to rebut the presumption that he received the notice of the Appeals Council within five days from the date it was mailed August 9, 2011, *see* 20 C.F.R. § 422.210(c).[2] Similarly, Plaintiff has failed to show "extraordinary circumstances" that would warrant equitable tolling of the sixty-day deadline for filing an action to review a final decision of the Commissioner under 42 U.S.C. § 405(g). *See Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007).

Accordingly, it is **ORDERED AND ADJUDGED**:

(1) The Report and Recommendation (Dkt. 13) of the Magistrate Judge is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

(2) The Commissioner's Motion to Dismiss Plaintiff's Complaint as Untimely, or, in the Alternative, Motion for Summary Judgment (Dkt. 11) is **GRANTED**.

(3) This action is **DISMISSED** with prejudice.

(4) The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in chambers this 19th day of March, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[2] In contrast, the Commissioner has submitted the Declaration of Patrick J. Herbst indicating that the notice was mailed to Plaintiff on August 9, 2011. *See Dkt.* 11-1, ¶ (3)(a). The apparent discrepancy on the face of the documents attached to Plaintiff's objections is reconciled by Herbst's declaration to the effect that the Appeals Council rendered its decision on August 3, 2011, but notice of the decision was not mailed to Plaintiff and his counsel until August 9, 2011. *See id.*